IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOANN SEKAVEC                                                          PLAINTIFF

vs.                                    Civil No. 6:16-cv-06053

NANCY BERRYHILL                                                       DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Joann Sekavec ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF  No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on July 11, 2006.  (Tr. 188-189).  Plaintiff alleged

she was disabled due to scoliosis, degenerative disc disease, ruptured disc, bulging disc, sciatic

nerve, and pain.  (Tr. 203).  Plaintiff alleged an onset date of February 3, 2005.  (Tr. 203).  This

application was denied initially, again upon reconsideration, and after a hearing by an ALJ in a

decision dated September 25, 2009.  (Tr. 31-49, 82-83, 87-95, 188-192).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

On May 6, 2010, the Appeals Council granted review and remanded the case for further proceedings. (Tr. 96-98). After a new hearing, the ALJ issued a decision on January 18, 2011, denying Plaintiff's DIB claim. (Tr. 10-17, 50-81). The Appeals Council denied review of this decision. (Tr. 1-6). Plaintiff appealed, and on June 24, 2013, this Court remanded the case to the Commissioner. (Tr. 466-473).

Following remand, Plaintiff had an administrative hearing on June 9, 2014. (Tr. 413-443). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-nine (49) years old. (Tr. 418).

On July 14, 2014, the ALJ entered a partially favorable decision finding a closed period of disability from February 3, 2005, to March 7, 2009. (Tr. 390-407). In this decision, the ALJ determined the Plaintiff last met the insured status requirements of the Act through March 31, 2008. (Tr. 394, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 3, 2005. (Tr. 394, Finding 2).

The ALJ determined that from February 3, 2005 to March 7, 2009, Plaintiff had the severe impairments of early chronic obstructive pulmonary disease (COPD) and degenerative disc disease of the lumbar spine with a herniated disc. (Tr. 394, Finding 3). The ALJ then determined that from February 3, 2005 to March 7, 2009, Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 395, Finding 4).

The ALJ determined Plaintiff's closed period of disability ended on March 8, 2009, based on medical improvement. (Tr. 401, finding 14). This was based on an updated MRI which showed narrowing at L5-S1, but no longer a disc herniation, and a disc bulge with improvement of the nerve

2

root impingement. *Id.*

For the relevant period beginning on March 8, 2009, the ALJ determined Plaintiff's subjective complaints were not entirely credible. (Tr. 402-405). The ALJ also determined Plaintiff had the RFC to perform light work; could lift or carry up to ten pounds frequently, twenty pounds occasionally; could stand or walk up to six hours in an eight-hour workday; could not frequently bend, crouch, or climb; and must avoid concentrated exposure to respiratory irritants such as dust, fumes, strong odors, or extreme changes in temperature or humidity. (Tr. 402, Finding 16). The ALJ also restricted Plaintiff to semiskilled work where interpersonal contact was routine, but superficial; complexity of tasks was learned by experience, involved several variables, and judgment was exercised within limits; and the supervision required was little for routine tasks, but detailed for non-routine tasks. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 405, Finding 17). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined that beginning March 8, 2009, there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 406, Finding 21). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as companion with 7,500 such jobs in the region and 270,000 such jobs in the nation and first aide attendant with 1,800 such jobs in the region and 21,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff's disability ended on March 8, 2009. (Tr. 406, Finding 22).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 384). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr.

381-383). On May 23, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 23, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in failing to consider Plaintiff's impairments in combination, (C) in his credibility determination, and (D) by improperly discrediting the objective findings of Plaintiff's treating physician. ECF No. 11, Pgs. 7-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment

or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included early chronic obstructive pulmonary disease (COPD) and degenerative disc disease of the lumbar spine with a herniated disc. (Tr. 394, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02 for major dysfunction of a joint and 1.04 for disorders of the spine. ECF No. 11, Pgs. 7-15. Defendant argues Plaintiff has failed to establish she meets theses Listings. ECF No. 12.

Impairments found under Listing 1.02 for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b or involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate,

sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Further, Plaintiff presented no diagnostic medical evidence showing she has a major dysfunction of a joint characterized by gross anatomical deformity, and findings on medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the

7

inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the

inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above

waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively

with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross

movements effectively.

To meet a listing under 1.04 for disorders of the spine, requires evidence of:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal
> arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease,
> facet arthritis, vertebral fracture), resulting in compromise of a nerve
> root (including the cauda equina) or the spinal cord with:
>
> A. Evidence of nerve root compression characterized by
> neuro-anatomic distribution of pain, limitation of motion of the spine,
> motor loss (atrophy with associated muscle weakness or muscle
> weakness) accompanied by sensory or reflex loss and, if there is
> involvement of the lower back, positive straight-leg raising test
> (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology
> report of tissue biopsy, or by appropriate medically acceptable
> imaging, manifested by severe burning or painful dysesthesia,
> resulting in the need for changes in position or posture more than
> once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established
> by findings on appropriate medically acceptable imaging, manifested
> by chronic nonradicular pain and weakness, and resulting in inability
> to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

Listing 1.04 requires medical evidence of nerve root compression, sensory or reflex loss, and

a positive straight-leg raising test. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Plaintiff has failed to provide medical evidence that documents the criteria for the listed impairment are met. Additionally, as demonstrated in the section for Listing 1.02, Plaintiff's ability to ambulate effectively was unimpaired.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 395, Finding 4 and Tr. 401, Finding 13) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform light work with some limitations. (Tr. 402, Finding 16). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in significant numbers in the national economy.

(Tr. 406, Finding 21).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in her credibility determination. ECF No. 11, Pgs. 18-20. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 12.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

---

(2007). Thus, this Court will not require the analysis of these additional factors in this case.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 402-405). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Prescription regime remained stable, (3) Plaintiff's described activities of daily living inconsistent with the record, (4) No persuasive evidence of medication side effects, (5) Conservative medical treatment during relevant time period, and (6) Failed to comply with physician recommendations. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### D. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320,

1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Richard Finch in assessing Plaintiff's RFC. ECF No. 11, Pgs. 15-18. However, Plaintiff's argument is without merit.

On January 23, 2012, Dr. Finch prepared an RFC Questionnaire. (Tr. 376-380). Dr. Finch indicated, among other restrictions, that Plaintiff could only stand for 10 minutes and sit for 20 minutes at a time, and for a total of less than two hours, in an 8-hour workday; she could occasionally lift or carry less than 10 pounds; she could rarely twist, stoop, and crouch, but never climb ladders or stairs; she would need several 15-minute breaks where she could lie down; she was incapable of performing even low stress jobs; and she would miss more than four days per month from work due to her impairments or treatment. *Id.* The ALJ was correct in assigning little weight to the opinions of Dr. Finch. (Tr. 405).

The ALJ noted the severe restrictions listed by Dr. Finch were inconsistent with the March 2009 lumbar MRI showing only a disc bulge at L5-S1 and mild degenerative changes that no longer affecting the nerve root. (Tr. 308, 405). The restrictions were also inconsistent with Dr. Finch's own treatment records showing intermittent lumbar tenderness or pain with palpitation, but no significant physical examination findings. (Tr. 405). The ALJ also properly found Plaintiff's medication and treatment regimen with Dr. Finch had remained stable, Dr. Finch order no additional MRIs, and Dr. Finch made no referral of Plaintiff to back specialist for further evaluation. *Id.*

The ALJ properly decided to give little weight to the restrictive limitations found by Dr. Finch. The ALJ committed no error in his treatment of medical opinions from Plaintiff's physician.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of June 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE